UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK W. DOBRONSKI,

       Plaintiff,

                                 Case No.

v.                                  Hon.

CHARTER COMMUNICATIONS, INC.,

       Defendant.

| | |
|---|---|
| MARK W. DOBRONSKI<br>Plaintiff Pro Se<br>P.O. Box 85547<br>Westland, MI 48185-0547<br>(734) 641-2300 | C. DAVID MILLER II (P38449)<br>GARAN LUCOW MILLER, P.C.<br>Attorneys for Defendant<br>1155 Brewery Park Blvd., Suite 200<br>Detroit, MI 48207-2641<br>Phone: (313) 446-5561<br>Fax:   (313) 259-0450<br>cmiller@garanlucow.com |

## <u>NOTICE OF REMOVAL</u>

This is the Notice of Removal filed by Defendant Charter Communications, Inc. ("Charter"), pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441, and 1446, to remove the lawsuit captioned as *Mark W. Dobronski v. Charter Communications, Inc.,* Cause No. 19-78735SC, from the 18th Judicial District, State of Michigan, Small Claims to the United States District Court for the Eastern District of Michigan, Southern Division. As grounds for removing this action, Charter states:

### BACKGROUND

1.    Plaintiff Mark Dobronski ("Plaintiff") filed his Complaint against

Charter on or about July 29, 2019.

2.      Charter was served on August 5, 2019.

3.      Plaintiff alleges that his cellular telephone number is listed on the National Do Not Call Registry, but Charter made certain telemarketing calls to Plaintiff's cellular telephone. *See* Complaint, at ¶¶ 18, 20-22, 38-41.

4.      The Complaint alleges that these calls violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), including the TCPA's implementing regulations (47 C.F.R. § 64.1200), and the Michigan Telephone Companies as Common Carriers Act, M.C.L. §484.101, *et seq.* ("MTCCA"). *See* Complaint, at ¶¶ 1, 42-55.

5.      The Complaint alleges that Charter's violations were willful and/or knowing. *See* Complaint, *ad damnum* clause.

6.      Based upon these allegations, Plaintiff purports to assert five claims for relief against Charter. *See* Complaint, Counts I – V.

7.      Based upon the allegations of the Complaint and for the reasons discussed below, Charter timely removes this action pursuant to 28 U.S.C. § 1331 (federal question) and § 1367 (supplemental jurisdiction).

8.      This Court has jurisdiction under 28 U.S.C. §1331 because the TCPA claim arises under the Constitution, laws, or treaties of the United States. *See, e.g., Mims v. Arrow Financial Servs., LLC*, 132 S.Ct. 740, 753 (2012) ("Nothing in the

text, structure, purpose, or legislative history of the TCPA calls for displacement of the federal-question jurisdiction U.S. district courts ordinarily have under 28 U.S.C. § 1331.").

9.    Because a federal question is present on the face of the Complaint, this matter is removable by Charter under 28 U.S.C. § 1441(a).

10.    Moreover, this Court has supplemental jurisdiction over the Complaint's MTCCA claim, pursuant to 28 U.S.C. § 1367(a), because all of Plaintiff's claims are so related that they form part of the same case or controversy.

11.    Because this Court may exercise original jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1367 (supplemental), removal is proper pursuant to 28 U.S.C. § 1441(a).

12.    Contemporaneously herewith, Charter provided Plaintiff with written notice of the filing of this Notice of Removal as required by 28 U.S.C. § 1446(d).

13.    Pursuant to the requirements of 28 U.S.C. § 1446(d), Charter filed a copy of this Notice of Removal with the Clerk of the 18th Judicial District, State of Michigan, Small Claims division.

14.    The Notice of Removal is timely filed under 28 U.S.C. § 1446(b) because Charter was served on August 5, 2019, and Charter is filing this Notice of Removal within thirty (30) days of when Charter was served.

15.     Venue is proper because this Notice of Removal is filed in the District Court of the United States for the district and division in which the case is pending.

16.     Charter has given the undersigned attorneys authority to sign and file this Notice of Removal.

17.     Pursuant to the requirements of 28 U.S.C. § 1446(a), a copy of Plaintiff's Complaint, together with "all process, pleadings, and orders served upon" Charter, are attached as **EXHIBIT A.**

WHEREFORE, Defendant Charter Communications, Inc. removes to this Court the action captioned as *Mark W. Dobronski v. Charter Communications, Inc.,* Cause No. 19-78735SC, currently pending in the 18th Judicial District, State of Michigan, Small Claims, and respectfully requests that this Court exercise its subject matter jurisdiction over this action and grant such other relief as the Court may deem just and proper.

Respectfully submitted:

GARAN LUCOW MILLER, P.C.

/s/C. David Miller II
C. DAVID MILLER II (P38449)
Attorney for Defendant
1155 Brewery Park Blvd., Suite 200
Detroit, MI 48207-2641
(313) 446-5561
Dated: September 3, 2019        cmiller@garanlucow.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK W. DOBRONSKI,

       Plaintiff,

                                     Case No.

v.                                    Hon.

CHARTER COMMUNICATIONS, INC.,

       Defendant.

| MARK W. DOBRONSKI | C. DAVID MILLER II (P38449) |
|---|---|
| Plaintiff Pro Se | GARAN LUCOW MILLER, P.C. |
| P.O. Box 85547 | Attorneys for Defendant |
| Westland, MI 48185-0547 | 1155 Brewery Park Blvd., Suite 200 |
| (734) 641-2300 | Detroit, MI 48207-2641 |
| | Phone: (313) 446-5561 |
| | Fax:    (313) 259-0450 |
| | cmiller@garanlucow.com |

## **AFFIDAVIT**

STATE OF MICHIGAN )
                         ) ss.
COUNTY OF WAYNE )

      C. DAVID MILLER II, being first duly sworn, deposes and says, that he is

associated with the law firm of GARAN LUCOW MILLER, P.C. and that he has

been charged with the defense and representation of the defendant herein; that in

such capacity he has prepared the foregoing Notice for Removal of Cause to the

United States District Court, Eastern District of Michigan, Southern Division, that

the matters set forth in said Notice are true except as to those matters stated herein to be upon his information and belief as to which matters he is informed and believes same to be true.

Further deponent saith not.

/s/C. David Miller II

C. DAVID MILLER II (P38449)

Subscribed and sworn to before me
on the 3rd day of September, 2019.

/s/Dena Marie Shealy

Dena Marie Shealy, Notary Public
County of Macomb
State of Michigan
My Commission Expires: 02/29/2020
Acting in the County of Wayne
1465498

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK W. DOBRONSKI,

     Plaintiff,

                                  Case No.

v.                                  Hon.

CHARTER COMMUNICATIONS, INC.,

     Defendant.

| | |
|---|---|
| MARK W. DOBRONSKI | C. DAVID MILLER II (P38449) |
| Plaintiff Pro Se | GARAN LUCOW MILLER, P.C. |
| P.O. Box 85547 | Attorneys for Defendant |
| Westland, MI 48185-0547 | 1155 Brewery Park Blvd., Suite 200 |
| (734) 641-2300 | Detroit, MI 48207-2641 |
| | Phone: (313) 446-5561 |
| | Fax:     (313) 259-0450 |
| | cmiller@garanlucow.com |

## CERTIFICATE OF SERVICE

DENA MARIE SHEALY, being first duly sworn, deposes and says that she is associated with the law firm of GARAN LUCOW MILLER, P.C., attorneys for Defendant and that on September 3, 2019, she caused to be served a true copy of NOTICE FOR REMOVAL, AFFIDAVIT and PROOF OF SERVICE  upon the following:

Mark E. Dobronski                       Assignment Clerk
P.O. Box 85547                          18th Judicial District Court
Westland, MI 48185-0547             36675 Ford Road
                                       Westland, MI 48185-2210

by filing the foregoing paper with the Clerk of the 18th Judicial District Court and using the United States Postal Service.

/s/Dena Marie Shealy

# EXHIBIT A

Approved, SCAO

| | Original - Court (with instructions) | 2nd copy - Plaintiff (with instructions) |
| | 1st copy - Defendant (with instructions) | 3rd copy - Return (with proof of service) |

| STATE OF MICHIGAN | | CASE NO. |
| 18th   **JUDICIAL DISTRICT** | **AFFIDAVIT AND CLAIM**<br>**Small Claims** | 19-78735 SC |

Court address
36675 FORD RD   WESTLAND, MI  48185-2210

Court telephone no.
734-5958720

See additional notice and instructions on the back of plaintiff and defendant copies.

1. MARK W. DOBRONSKI
   Plaintiff
   PO BOX 85547
   Address
   WESTLAND, MI  48185-0547       7346412300
   City, state, zip                          Telephone no.

2. CHARTER COMMUNICATIONS, INC.
   Defendant c/o CSC-LAWYERS INCORPORATING SERVICE
   601 ABBOT RD
   Address
   EAST LANSING, MI  48823       8884382427
   City, state, zip                          Telephone no.

**NOTICE OF HEARING**
**For Court Use Only**

The plaintiff and the defendant must be in court on
Thurs   Sept 12, 2019
Day          Date
at 2:30pm at ☒ the court address above.
Time
☐
Location

Process server's name       Fee paid: $

3. ☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in this complaint has been previously filed in ☐ this court ☐ _____ and assigned to Judge _____ Court.
   It was given case number _____ and assigned to Judge _____
   The action ☐ remains ☐ is no longer   pending.

4. I have knowledge or belief about all the facts stated in this affidavit and I am
   ☒ the plaintiff or his/her guardian, conservator, or next friend.   ☐ a partner.   ☐ a full-time employee of the plaintiff.

5. The plaintiff is ☒ an individual.   ☐ a partnership.   ☐ a corporation.   ☐ a sole proprietor.   ☐ _____

6. The defendant is ☐ an individual.   ☐ a partnership.   ☒ a corporation.   ☐ a sole proprietor.   ☐ _____

7. The date(s) the claim arose is/are   July 29, 2019
   Attach separate sheets if necessary

8. Amount of money claimed is $  6,000.00 _____ . (Note: Plaintiff's costs are determined by the court and awarded as appropriate.
   They are not part of the amount claimed.)

9. The reasons for the claim are: See COMPLAINT, attached. _____

10. The plaintiff understands and accepts that the claim is limited to $6,000 by law and that the plaintiff gives up the rights to
    (a) recover more than this limit, (b) an attorney, (c) a jury trial, and (d) appeal the judge's decision.

11. I believe the defendant ☒ is ☐ is not   mentally competent. I believe the defendant ☒ is ☐ is not  18 years or older.

12. ☐ I do not know whether the defendant is in the military service.   ☒ The defendant is not in the military service.
    ☐ The defendant is in the military service.

Signature   *Mark W. Dobronski*

Subscribed and sworn to before me on   July 30, 2019                    Wayne _____ County, Michigan.

My commission expires:  November 14, 2019   Signature: _____
                        Date                                       Deputy clerk/Notary public

Notary public, State of Michigan, County of   Wayne

The defendant(s) must be served by   10/29/19
                                      Expiration date

DC 84  (6/19)  **AFFIDAVIT AND CLAIM, Small Claims**                    MCL 600.8401 et seq., MCR 4.302, MCR 4.303, 50 USC 3931

STATE OF MICHIGAN
IN THE DISTRICT COURT FOR THE 18TH JUDICIAL DISTRICT
SMALL CLAIMS DIVISION

MARK W. DOBRONSKI, an
individual,

        Plaintiff,

v.

CHARTER COMMUNICATIONS,
INC., a Delaware corporation,

        Defendant.

Case No. *19-78735* -SC

---

Mark W. Dobronski
Plaintiff *Pro Se*
Post Office Box 85547
Westland, Michigan 48185-0547
Tel: (734) 641-2300

---

## COMPLAINT

Plaintiff, Mark W. Dobronski, appearing *in propria persona*, and for his Complaint says:

### Parties, Jurisdiction, and Venue

1. This matter arises under the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227, *et seq.*, and the Michigan Telephone Companies as Common Carriers Act ("MTCCCA"), M.C.L. § 484.101, *et seq.*

2. Plaintiff is an individual, a citizen of the State of Michigan, residing in Lima Township, Washtenaw County, Michigan, and whose place of business is located in Westland, Wayne County, Michigan.

3. Upon information and belief, the Defendant, Charter Communications, Inc. ("Charter"),

is a corporation organized and existing under the laws of the State of Delaware, which is registered and qualified to do business in the State of Michigan, having a registered office located in East Lansing, Ingham County, Michigan.

4. Defendant Charter does business under the trade name "Spectrum".

5. This Court has jurisdiction over the subject matter of this complaint and venue is proper in this Court, pursuant to 47 U.S.C. § 227(c)(5) and M.C.L. § 600.1629(1)(b)(I), as the tortious and illegal conduct complained of herein occurred in this judicial district.

<u>General Allegations</u>

6. In response to widespread public outrage over telemarketers, the United States Congress acted to prevent entities, like Defendants, from invading American citizen's privacy and to prevent abusive "robo-calls."

7. According to the Federal Communications Commission ("FCC"), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls."

8. Congress explicitly found that robo-calling is an invasion of privacy: "Evidence compiled by Congress indicates that residential telephone subscribers consider automated or prerecorded telephone calls, regardless of the content or the initiator, to be a nuisance and an invasion of privacy." Section 2 of Pub L. 102-24.

9. In regard to such telephone solicitations, Senator Hollings of South Carolina, the primary sponsor of the bill, explained, "computerized calls are the scourge of modern civilization. They wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone right out of the wall... these computerized

telephone calls threaten our personal safety... These machines are out of control, and their use is growing by 30 percent every year. It is telephone terrorism, and it has got to stop...." *See In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* 17 FCC Rcd. 17459 at note 90 (2002), quoting 137 Cong. Rec. 30,821-30,822 (Nov. 7, 1991).

10. The TCPA promulgates, at 47 U.S.C. § 227(b)(1), as follows:

"(b) Restrictions on use of automated telephone equipment

(1) Prohibitions. It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—

(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—

(I) to any emergency telephone line (including any "911" line and any emergency line of a hospital, medical physician or service office, health care facility, poison control center, or fire protection or law enforcement agency); . . . or

(iii)  to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call is made solely to collect a debt owed to or guaranteed by the United States; . . . "

11. Pursuant to authority delegated to it under the TCPA at 47 U.S.C. § 227(b)(2), the FCC has adopted regulations to implement and carry out the TCPA.

12. The TCPA regulations, at 47 C.F.R. § 64.1200(a), promulgate in relevant part:

"No person or entity may:

(1) Except as provided in paragraph (a)(2) of this section, initiate any telephone call (other than a call made for emergency purposes or is made with the prior express consent of the called party) using an

- 3 -

automatic telephone dialing system or an artificial or prerecorded voice; . . . .

(iii) To any telephone number assigned to a paging service, *cellular telephone service*, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call. . . . .

(2) Initiate, or cause to be initiated, any telephone call that includes or introduces an advertisement or constitutes telemarketing, using an automatic telephone dialing system or an artificial or prerecorded voice, to any of the lines or telephone numbers described in paragraphs (a)(1)(I) through (iii) of this section, other than a call made with the *prior express written consent* of the called party. . . ." [Emphasis added.]

13.    The TCPA regulations, at 47 C.F.R. § 64.1601(e), promulgate:

"Any person or entity that engages in telemarketing as defined in section 64.1200(f)(10) must transmit caller identification information.

(1)  For purposes of this paragraph, caller identification information must include either CPN or ANI, and, when available by the telemarketer's carrier, the name of the telemarketer. It shall not be a violation of this paragraph to substitute (for the name and phone number used in, or billed for, making the call) the name of the seller on behalf of which the telemarketing call is placed and the seller's customer service telephone number. The telephone number so provided must permit any individual to make a do-not-call request during regular business hours.

(2)  Any person or entity that engages in telemarketing is prohibited from blocking the transmission of caller identification information...."

14.    The TCPA, at 47 U.S.C. § 227(b)(3), provides for a private right of action, as follows:

"PRIVATE RIGHT OF ACTION.  A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State –

(A) an action based on a *violation of this subsection or the regulations prescribed under this subsection* to enjoin such

- 4 -

violation,

(B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages *for each such violation*, whichever is greater, or

(C) both such actions.

If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph." [Emphasis added.]

15. Pursuant to Congressional mandate set forth at 47 U.S.C. § 227(c)(1), the FCC adopted regulations establishing a national "do not call" database and prohibiting any person from making or transmitting a telephone solicitation to the telephone number of any subscriber included in such database, which regulations are set forth at 47 C.F.R. § 64.1200(C), and promulgate in relevant part:

"No person or entity shall initiate any telephone solicitation to: ...

(2) A residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. ....

16. The "do not call" proscriptions also are applicable to cellular or wireless telephone numbers, as set forth at 47 C.F.R. § 64.1200(e), which states:

"The rules set forth in paragraph (c) and (d) in this section are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers...."

17. Additionally, the TCPA, at 47 U.S.C. § 227(c)(5), as it relates to telephone numbers appearing of the do-not-call list, provides for a private right of action, as follows:

Private right of action. A person who has received more than one telephone call within any 12-month period by or on behalf of the

same entity in violation of the regulations prescribed under this subsection may, if otherwise permitted by the laws or rules of court of a State bring in an appropriate court of that State—

(A) an action based on a violation of the regulations prescribed under this subsection to enjoin such violation,

(B) an action to recover for actual monetary loss from such a violation, or to receive up to $500 in damages for each such violation, whichever is greater, or

(C) both such actions.

It shall be an affirmative defense in any action brought under this paragraph that the defendant has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under this subsection. If the court finds that the defendant willfully or knowingly violated the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

18.  Plaintiff's cellular telephone number (734-330-9671) is listed on the National Do Not Call Registry maintained by the U.S. Federal Trade Commission pursuant to 16 C.F.R. Part 310 and has been so listed continuously since at least 2004 and at all times relevant hereto.

19.  The FCC has held that telephone subscribers who have listed their wireless telephone number on the national do-not-call list are deemed to be "residential subscribers". See *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* 18 FCC Rcd. 14014 at para. 36 (2003).

20.  Defendant Charter is engaged in telemarketing activities utilizing automated telephone dialing systems and prerecorded voice messages to contact consumers promoting Defendant Charter's cable television, internet, and telephone services.

21. Defendant Charter employs employees and/or third-party agents and/or contractors to market Defendant Charter's communications services to consumers using an automated telephone dialing system.

22. At no time relevant hereto has Plaintiff requested, consented, permitted, or authorized the contact from the Defendants or its agents acting on its behalf.

23. At no time relevant hereto has Plaintiff provided prior express consent or prior express written consent to Defendants to initiate telemarketing calls to Plaintiff.

24. Pursuant to 47 U.S.C. § 217, the act, omission, or failure of any officer, agent, or other person acting for or employed by an common carrier or user, acting within the scope of his employment, shall in every case also be deemed to be the act, omission, or failure of such carrier or user as well as that of the person.

25. Courts are legally bound to give great deference to the FCC's interpretations of the TCPA and its own regulations.

26. The FCC has declared that sellers may be held vicariously liable for violations of the TCPA by third-party telemarketers that initiate calls to market the seller's products or services.

27. It is well settled under Michigan law that corporate employees and officials are personally liable for all tortious and criminal acts in which they participate, regardless of whether they are acting on their own behalf or on behalf of a corporation. A corporate officer or director is, in general, personally liable for all torts which he authorizes or directs or in which he participates, notwithstanding that he acted as an agent for the corporation and not on his own behalf.

28. Plaintiff's home, office, and wireless telephone lines have been besieged with telemarketing calls hawking such things as alarm systems, automobile warranties, health insurance, life insurance, credit cards, and even financial miracles from God. Some of the calls received by

Plaintiff are blatant scams, including, *inter alia*, calls purportedly from the Internal Revenue Service advising that arrest warrants have been issued against Plaintiff; calls from alleged medical supply companies seeking Plaintiff's Medicare card number; calls advising that Plaintiff has won a "free" Caribbean resort vacation; and, calls advising that Plaintiff's credit card interest rate is being lowered to zero percent.

29. For each and every call placed without consent by Defendant to Plaintiff's telephone number, Plaintiff suffered the injury of invasion of privacy and intrusion on Plaintiff's right of seclusion.

30. For each and every call placed without consent by Defendant to Plaintiff's telephone, Plaintiff suffered the injury of the occupation of Plaintiff's telephone line by unwelcome calls, making the phone unavailable for legitimate callers or outgoing calls, including emergency calls, when the telephone line was seized by Defendants' calls.

31. For each and every call placed without consent by Defendant to Plaintiff's telephone was an injury in the form of a nuisance and annoyance to the Plaintiff. For calls that were answered, Plaintiff had to go to the unnecessary trouble of answering them. Even for unanswered calls, Plaintiff had to deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features on Plaintiff's telephone, which features are designed to inform the user of important missed communications.

32. Each and every call placed without consent by Defendant to Plaintiff's telephone resulted in the injury of a trespass to Plaintiff's chattel, namely Plaintiff's telephone and his telephone services.

33. As a result of the telephone calls described herein, Plaintiff suffered an invasion of privacy. Plaintiff was also affected in a personal and individualized way by stress, anxiety,

nervousness, embarrassment, distress and aggravation.

34. The conduct of Defendants complained of herein caused injury and damage to Plaintiff, including, *inter alia*, the annoyance and interruption of Plaintiff's personal and business activities to respond to Defendants' telephone calls; the tieing up of Plaintiff's telephone lines, thereby blocking legitimate callers from being able to get through and engage in essential communications with Plaintiff; and, the waste of Plaintiff's resources to respond to Defendant's telephone calls.

35. For purposes of the TCPA, the FCC has defined "willfully or knowingly" to mean that the violator knew that he was doing the act in question, in this case, initiating a telephone solicitation, irrespective of any intent to violate the law. A violator need not know that his action or inaction constitutes a violation; ignorance of the law is not a defense or mitigating circumstance.

36. Defendant's conduct is clearly willful or knowing by virtue of the fact that Defendant has been sued numerous times in various United States District Courts stemming from their violations of the TCPA. Accordingly, Defendant is clearly on notice that their telemarketing conduct is in violation of the TCPA, and yet Defendants persist in their illegal conduct.

37. In what can only be described as hypocritical conduct, Defendant Charter is a member of the FCC's Robocall Strike Force, an industry consortium that is seeking to curb in "robocall" violations. This fact also establishes that Defendant Charter's conduct alleged herein is certainly willful or knowing.

<u>Allegations Specific to this Complaint</u>

38. On July 29, 2019 at 2:19 P.M., Plaintiff received a telephone call on his cellular telephone.

39. The caller identification number displayed was 734-196-1331, which is an invalid telephone number.

40. Upon answering the call "hello", Plaintiff observed a several second period of silence and then a click sound. This is indicative of an automated telephone dialing system being used. Then a recorded message with a female voice announced that the call was from Spectrum and stated that if the caller was interested in Spectrum services to press "1". No telephone number was provided during the recorded message.

41. Upon pressing "1", Plaintiff was connected to a live telemarketing agent who then solicited whether Plaintiff was interested in becoming a Spectrum customer. The caller inquired as to Plaintiff's address and name and whether Plaintiff was already a Spectrum customer or not. Plaintiff, in order to better verify that the caller was legitimately with Spectrum, feigned interest and provided a bogus name and false address. The caller set up an installation appointment and provided Plaintiff with a confirmation reference number.

## COUNT I
## VIOLATION OF THE TCPA - ROBOCALL

42. Plaintiff incorporates the allegations of paragraphs 1 through 41, *supra*.

43. The telephone call alleged in paragraphs 38 through 41, *supra*, was in violation of the TCPA, specifically 47 U.S.C. § 227(b)(1)(a) and 47 C.F.R. § 64.1200(a)(1), as Defendants initiated a telephone call using an automated telephone dialing system or an artificial or prerecorded voice to Plaintiff's cellular telephone number without having prior express written consent to do so.

44. The aforesaid violation of the TCPA was willful or knowing.

## COUNT II
## VIOLATION OF THE TCPA - DO NOT CALL

45. Plaintiff incorporates the allegations of paragraphs 1 through 44, *supra*.

46. The telephone call alleged in paragraphs 38 through 41, was in violation of the TCPA, specifically 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c)(2), as Defendants initiated a telephone

call to a telephone number registered on the national do-not-call registry.

47.  The aforesaid violation of the TCPA was willful or knowing.

## COUNT III
## VIOLATION OF THE TCPA - SPOOFED CALLER ID

48.  Plaintiff incorporates the allegations of paragraphs 1 through 47, *supra*.

49.  The telephone call alleged in paragraphs 38 through 41, *supra*, was in violation of the TCPA, specifically 47 C.F.R. § 64.1601(e), as the caller identification number provided was "spoofed" (i.e., false).

50.  The aforesaid violation of the TCPA was willful or knowing.

## COUNT IV
## VIOLATION OF THE TCPA - NO TELEPHONE NUMBER

51.  Plaintiff incorporates the allegations of paragraphs 1 through 50, supra.

52.  The telephone call alleged in paragraphs 38 through 41, supra, was in violation of the TCPA, specifically 47 C.F.R. § 64.1200(b)(2), as the prerecorded voice telephone message did not, during or after the message, state clearly the telephone number of such business.

53.  The aforesaid violation of the TCPA was willful or knowing.

## COUNT V
## VIOLATION OF THE MTCCCA

54.  Plaintiff incorporates the allegations of paragraphs 1 through 53, *supra*.

55.  The telephone call alleged in paragraphs 38 through 41, inclusive, was additionally in violation of the MTCCCA, specifically M.C.L. § 484.125(b), as the Defendant used a telephone line to contact the Plaintiff to deliver a recorded message for the purpose of presenting commercial advertising to the Plaintiff when the Plaintiff had not requested, consented, permitted, or authorized the contact from the Defendant, and the Plaintiff had not provided its telephone number to the

Defendant.

## PRAYER FOR RELIEF

WHEREFORE, the aforesaid premises considered, Plaintiff prays that this Court enter a judgment for Plaintiff and against the Defendants, jointly and severally, as follows:

A.    1. As to Count I: Damages in the amount of $500.00 for the TCPA violation alleged, which amount shall be trebled because the violation was wilful or knowing; for total damages of $1,500.00.

2. As to Count II: Damages in the amount of $500.00 for the TCPA violation alleged, which amount shall be trebled because the violation was wilful or knowing; for total damages of $1,500.00.

3. As to Count III: Damages in the amount of $500.00 for the TCPA violation alleged, which amount shall be trebled because the violation was wilful or knowing; for total damages of $1,500.00.

4. As to Count IV: Damages in the amount of $500.00 for the TCPA violation alleged, which amount shall be trebled because the violation was wilful or knowing; for total damages of $1,500.00.

5. As to Count V: Damages in the amount of $1,000.00 for the MTCCCA violation alleged.

The cumulative total amount of damages claimed in this action is $7,000.00.

B. Plaintiff waives the right to recover damages of more than $6,000.00; however, should this matter be removed from the small claims division, Plaintiff rescinds such waiver.

C. An award of Plaintiff's taxable costs and disbursements incurred in the filing and prosecution of this action; and,

D.   Such other and further relief as this Court deems necessary, reasonable, prudent and proper under the circumstances.

Respectfully submitted,

Dated: July 30, 2019

Mark W. Dobronski
Plaintiff *In Propria Persona*

Mark W. Dobronski
Post Office Box 85547
Westland, Michigan 48185-0547
Telephone: (734) 641-2300
Email: MarkDobronski@yahoo.com

- 13 -

<u>**VERIFICATION**</u>

State of Michigan    )
                     ) *ss;*
County of Wayne      )


        MARK W. DOBRONSKI, being first duly sworn, says:

        1.  I am the Plaintiff in the foregoing matter, of the age of majority, and I have direct and personal knowledge of the facts in dispute.

        2.  I have read the Complaint in the foregoing matter, and I know the contents thereof.  The matters stated in the Complaint are true in substance and in fact, except as to those matters stated to be upon information and belief, and as to those matters I believe them to be true.

        3.  If sworn as a witness, affiant can testify competently to the facts as set forth in the Complaint.

        Further, affiant sayeth naught.


                                                    _Mark W. Dobronski_
                                                    Mark W. Dobronski


Subscribed and sworn to before me
this  __30th__  day of July, 2019.


_Karen Merritt_

KAREN E. MERRITT
Notary Public State of Michigan
County of Wayne
My Commission Expires Nov. 14, 2019
Acting in the County of _Wayne_


-14-